UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WESLEY and BARBARA STREIT, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v.  ) | No. |
| ) | |
| METROPOLITAN CASUALTY ) | |
| INSURANCE COMPANY, ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

Plaintiffs, Wesley and Barbara Streit, by theirs attorneys, Edward Eshoo, Jr. and Peter Mott, for their complaint against Defendant, Metropolitan Casualty Company, state as follows:

## FACTS

1. At all times material herein, Plaintiffs, Wesley P. Streit and Barbara A. Streit ("Plaintiffs" or "the Streits"), were and are citizens of Illinois residing in Lake in the Hills, Illinois.

2. At all times material herein, Defendant, Metropolitan Casualty Insurance Company ("Metropolitan"), was and is a Rhode Island citizen, being a Rhode Island corporation with its principal place of business in Warwick, Rhode Island.

3. This Court has subject matter jurisdiction over this matter pursuant to Title 28, U.S.C. § 1332 (c)(1) because there is complete diversity of citizenship of the parties and the amount in controversy exceeds $75,000.00.

1


4. Venue is proper in this Court pursuant to Title 28, U.S.C. § 1391 because Metropolitan does business and/or transacts business in this judicial district and, therefore, is subject to personal jurisdiction in this judicial district and resides here for venue purposes.

5. Metropolitan, which is licensed to do insurance business in Illinois and transacts in the insurance business of fire insurance, issued to Mr. and Mrs. Streit a homeowners insurance policy effective November 25, 2013 to November 25, 2014, policy number 4451028630 ("the insurance policy"), a copy of which is attached to this Complaint as Exhibit A.

6. Under the insurance policy, Metropolitan insured against risks of direct physical loss of or damage to the Streit's residential dwelling located at 1125 Patton Avenue in Lake in the Hills, Illinois ("the insured premises"), including the risk of physical loss or damage caused by the fire.

7. On or about August 5, 2014, while the insurance policy was in full force and effect, the insured premises sustained damage due to fire ("the fire loss").

8. Plaintiffs duly submitted a claim to Metropolitan under the insurance policy for theirs losses and damages from this covered peril of fire.

9. Plaintiffs have substantially performed all conditions required by the insurance policy.

10. As a result, it is Metropolitan's duty to pay Plaintiffs for all of their losses and damages sustained by them as a result of this covered fire loss.

11. Although requested to do so, Metropolitan failed, refused and continues to fail and refuse to pay Plaintiffs for all its covered fire losses and damages.

## **COUNT I**

12.    Plaintiffs re-allege paragraphs 1 through 11 of the Facts as paragraph 12 of Count I of the Complaint.

13.    As set forth in its January 14, 2015 letter denying their claim, a copy of which is attached to this Complaint as Exhibit B, Metropolitan has refused to pay Plaintiffs because the fire allegedly was set by their son, and thus purportedly excluded by the insurance policy's "Intentional Loss" provision, which states in relevant part as follows:

> **"Intentional Loss**, meaning any loss arising out of any intentional or criminal act committed:
> 1. by **you** or at **your** direction; and
> 2. with the intent to cause a loss.
>
> This exclusion applies regardless of whether **you** are actually charged with or convicted of a crime.
>
> In the event of such loss, no one defined as **you** or **your** is entitled to coverage, even people defined as **you** or **your** who did not commit or conspire to commit the act causing the loss" (Emphasis in original).

The terms "you" and "yours" are defined in the insurance policy as follows:

> "The person or persons named in the Declarations and if a resident of the same household:
> A. the spouse of such person or persons;
> B. the relatives of either; or
> C. any other person under the age of twenty-one in the care of any of the above;"

14.    Neither Mr. nor Mrs. Streit directed their son to set the fire to the insured premises.

15.    Neither Mr. nor Mrs. Streit instructed their son to set the fire to the insured premises.

16. Neither Mr. nor Mrs. Streit authorized their son to set the fire to the insured premises.

17. Neither Mr. nor Mrs. Streit consented to their son setting the fire to the insured premises.

18. Neither Mr. nor Mrs. Streit ratified their son's conduct in setting fire to the insured premises.

19. Paragraph 3 of the "General Conditions" of the insurance policy states that "[t]he terms of this policy which are in conflict with the statutes of the state in which the insured premises is located are hereby amended to conform to such statutes."

20. Pursuant to sections 397 and 401 of the Illinois Insurance Code (215 ILCS 5/397 and 5/401), the Director of Insurance has promulgated certain regulations which provide for a uniform policy for all fire insurance contracts ("Standard Policy").

21. Under the regulations, all fire insurance policies must conform to the requirements of the Standard Policy (50 Ill. Admin. Code § 2301 et. seq.).

22. The Standard Policy sets forth the minimum coverage upon which an insured can rely under any fire insurance policy issued in Illinois. A fire insurance policy may not provide coverage less than that set forth in the Standard Policy.

23. Lines 1 through 6 of the Standard Policy, a copy of which is attached to this Complaint as Exhibit C, provide in relevant part as follows:

> "This entire policy shall be void if, whether before or after a loss, **the insured** has willfully concealed or misrepresented any material fact or circumstance concerning this insurance or the subject thereof, or the interest of **the insured** therein, or in case of any fraud or false swearing by **the insured** relating thereto." (Emphasis added.)

24. In essence, Metropolitan's insurance policy precludes recovery by "an" insured or "any" insured when another insured engages in intentional conduct. The Standard Policy, in contrast, provides no express exclusion for intentional or criminal acts, though it precludes recovery for fraudulent conduct by "the insured". The phrase "the insured" refers to "the" particular insured guilty of the wrongdoing. Thus, under the Standard Policy, innocent insureds are entitled to coverage despite the intentional wrongdoing or fraudulent acts of another insured. Metropolitan may not provide less coverage than this.

25. Metropolitan's insurance policy impermissibly narrows the coverage afforded by the Standard Policy by denying coverage to innocent insureds. In doing so, Metropolitan unlawfully compromises the Standard Policy by diminishing the coverage it provides to achieve uniformity and concurrence of contract. Insofar as it bars coverage for innocent insureds, Metropolitan's insurance policy is at odds with the rights and benefits of the Standard Policy. The Metropolitan insurance policy must therefore conform to the Standard Policy, which does not bar the claim of an insured who is innocent of intentional or fraudulent conduct. Accordingly, as a matter of public policy of the State of Illinois, the policy provision quoted in paragraph 13 of Count I of the Complaint cannot be used by Metropolitan to deny coverage to Mr. and Mrs. Streit, innocent insureds, for the purported intentional conduct of their son.

26. An actual controversy exists between the Streits and Metropolitan regarding whether the provision quoted in paragraph 13 of Count I of the Complaint conflicts with the Standard Policy. As such, this Court is vested with the power to declare the rights and liabilities of the parties hereto and to give such other and further relief as may be necessary.

WHEREFORE, Plaintiffs, Wesley and Barbara Streit, pray:

(a) that this Court determine and adjudicate the rights and liabilities of the parties thereto with respect to the insurance policy;

(b) that this Court find and declare that the Streits are innocent insureds under the insurance policy;

(c) that this Court find and declare that the Standard Policy protects innocent insureds despite the alleged intentional or fraudulent conduct of another insured;

(d) that this Court find and declare that the provision quoted in paragraph 13 of Count I of the Complaint conflicts with lines 1 through 6 of the Standard Policy;

(e) that this Court find and declare: that Metropolitan's insurance policy impermissibly broadens the Standard Policy by denying coverage to innocent insureds and, in doing so, Metropolitan unlawfully compromises the Standard Policy by diminishing the coverage it provides to achieve uniformity and concurrence of contract and that insofar as it bars coverage for innocent insureds, Metropolitan's insurance policy is at odds with the rights and benefits of the Standard Policy;

(f) that this Court find and declare that the Metropolitan insurance policy must conform to the Standard Policy;

(g) that this Court find and declare that, as a matter of public policy of the State of Illinois, the policy provision quoted in paragraph 13 of Count I of the Complaint cannot be used by Metropolitan to deny coverage to the Streits, innocent insureds, for the purported intentional or fraudulent conduct of their son;

(h) that this Court find and declare that Metropolitan is liable under the insurance policy for the direct physical loss sustained by the Streits to the insured premises resulting from the August 5, 2014 fire; and

(i) that this Court enter such other and further or different relief as it deems equitable and proper.

## COUNT II

27. Plaintiffs reallege paragraphs 1 through 11 of the Facts as paragraph 27 of Count II of the Complaint.

28. Metropolitan's failure to pay Plaintiffs for all their losses and damages resulting from the August 5, 2014 fire is a breach of the insurance policy.

29. This breach of the insurance policy was and is the direct and proximate cause of damage to Plaintiffs in an amount in excess of $75,000.

30. This action is based on a "written instrument" within the meaning of the Illinois Interest Act and, therefore, Plaintiffs are entitled to prejudgment interest.

WHEREFORE, Plaintiffs, Wesley and Barbara Streit, pray that this Court enter judgment in their favor and against defendant, Metropolitan Casualty Insurance Company, in an amount in excess of $75,000, plus prejudgment interest and costs.

### COUNT III

31. Plaintiffs reallege paragraphs 1 through 30 of Counts I and Count II of the Complaint as paragraph 31 of Count III of the Complaint.

32. At the time of the August 5, 2014 fire loss, Metropolitan's internal claims policies, practices, and procedures included compliance with the regulations promulgated by the Illinois Director of Insurance within Part 919 of the Illinois Administrative Code as well as compliance with sections 154.5 and 154.6 of the Illinois Insurance Code.

33. Plaintiffs are entitled to an award of taxable costs under section 155 of the Illinois Insurance Code by virtue of Metropolitan engaging in the following vexatious and unreasonable conduct:

(a) failing to pay Plaintiffs amounts due under the insurance policy within 40 days of the loss, which constitutes an unreasonable delay in paying the claim as a matter of law, in violation of the regulations promulgated by the Illinois Director of Insurance within section 919.80(d)(7)(A) of Part 919 of the Illinois Administrative Code;

(b) failing to advise Plaintiffs in writing within 75 days from the date the loss was reported of the reason for the delay in not resolving their claim, in violation of the regulations promulgated by the Illinois Director of Insurance within section 919.80(d)(7)(B) of Part 919 of the Illinois Administrative Code;

(c)  failing to provide Plaintiffs with a reasonable written explanation for the delay in resolving their claim, in violation of the regulations promulgated by the Illinois Director of Insurance within section 919 of Part 919 of the Illinois Administrative Code;

(d)  not attempting in good faith to effectuate a prompt, fair, and equitable settlement of Plaintiffs' claim, a claim in which liability was reasonably clear, in violation of section 154.6 of the Illinois Insurance Code and the regulations promulgated by the Illinois Director of Insurance within section 919.50 of Part 919 of the Illinois Administrative Code;

(e)  without proper cause, wrongfully and knowingly refusing to reimburse Plaintiffs for their losses; and damages resulting from this covered fire loss;

(f)  failing to acknowledge with reasonable promptness pertinent communications with respect to Plaintiffs' claim, in violation of the regulations promulgated by the Illinois Director of Insurance within section 919.40 of Part 919 of the Illinois Administrative Code;

(g)  forcing Plaintiffs to retain legal counsel to investigate their claim and to file this lawsuit to recover the benefits that should have been immediately forthcoming under the insurance policy;

(h)  failing to affirm or deny coverage for Plaintiffs' claim within a reasonable time, in violation of its internal claims policies, practices, and procedures and in violation of the regulations promulgated by the Illinois Director of Insurance within section 919.50 of Part 919 the Illinois Administrative Code as well as in violation of sections 154.5 and 154.6 of the Illinois Insurance Code;

(i)  denying Plaintiffs' claim based on a policy provision which it knew or should have known was contrary to the Standard Policy;

(j)  denying Plaintiffs' claim when it knew or should have known that they were innocent insureds and, therefore, entitled to coverage under the Standard Policy.

(k)  refusing to pay Plaintiffs' claim without conducting a full, fair and prompt investigation based on all available information, in violation of its internal claims polices, practices, and procedures and in violation of section 154.6 of the Illinois Insurance Code; and

(l)  willfully refusing to undertake its coverage obligations to protect Plaintiffs, acting to maximize its own financial interest at the expense and to the financial demise of Plaintiffs.

WHEREFORE, Plaintiffs, Wesley and Barbara Streit, pray for an award of taxable costs under section 155 of the Illinois Insurance Code, including reasonable attorney fees, in their favor and against Defendant, Metropolitan Casualty Insurance Company.

/s/ Edward Eshoo, Jr.
Edward Eshoo, Jr.
Peter Mott
CHILDRESS DUFFY, LTD.
500 N. Dearborn Street, Suite 1200
Chicago, Illinois 60654
Telephone: (312) 494-0200
Facsimile: (312) 494-0202
eeshoo@childresslawyers.com
pmott@childresslawyers.com