# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| WESLEY and BARBARA STREIT, | ) |
| Plaintiffs, | ) |
| | ) Case No. 15 cv 2461 |
| v. | ) |
| | ) Judge Sharon Johnson Coleman |
| METROPOLITAN CASUALTY INSURANCE COMPANY, | ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiffs, Wesley and Barbara Streit ("the Streits"), filed a motion for partial summary judgment against defendant, Metropolitan Casualty Insurance Company ("Metropolitan") [7]. In response, Metropolitan filed a cross-motion for partial summary judgment [13]. For the reasons that follow, this Court grants in part and denies in part the Streits' motion for partial summary judgment and denies Metropolitan's partial summary judgment.

**Background**

Except where noted, the following facts are undisputed. Metropolitan, a company licensed to do insurance business in Illinois, issued a homeowners insurance policy (No. 4451028630) to Wesley and Barbara Streit effective November 25, 2013, to November 25, 2014. The Metropolitan policy insured against risks of direct physical loss of or damage to the Streits residential dwelling located at 1125 Patton Avenue in Lake in the Hills, Illinois.

On August 5, 2014, while the Metropolitan policy was in effect, the Streits residence sustained fire damage rendering it uninhabitable. The Streits 19-year old son, Wesley Jr. admitted to setting the home on fire. He pled guilty (but mentally ill) to a charge of aggravated arson and was sentenced to six years in prison. Wesley Jr. resided in the home with his parents at the time of the

1

fire. The Streits submitted a claim to Metropolitan under the insurance policy for their losses and damages resulting from the fire.

The Metropolitan policy contains an amendment to the intentional loss provision, which states:

> 4. Under **SECTION 1 – LOSSES WE DO NOT COVER:**
> **A.** item 1., **Intentional Loss** exclusion is delete and replaced by **Intentional Loss**, meaning any loss arising out of any intentional or criminal act committed:
>    1. by **you** or at **your** direction; and
>    2. with the intent to cause a loss.
> 
> This exclusion applies regardless of whether **you** are actually charged with or convicted of a crime.
> 
> In the event of such loss, no one defined as **you** or **your** is entitled to coverage, even people defined as **you** or **your** who did not commit or conspire to commit the act causing the loss.
> 
> However, this exclusion will not apply to deny payment to an innocent co-insured who did not cooperate in or contribute to the creation of the loss if:
>    i. such loss arose out of a pattern of criminal domestic violence; and
>    ii. the perpetrator of the loss is criminally prosecuted for the act causing the loss.
> 
> If we pay a claim pursuant to the above, our payment to the insured person is limited to that person's insurable interest in the property less any payments we first make to a mortgagee or other party with a legal secured interest in the property. In no event will we pay more than the Limit of Liability. (Dkt. 11, Def. L.R. 56.1(b)(3) Responses to Pl. Statements of Fact at ¶11).

The Metropolitan policy defines "you" and "your" as:

> [T]he person or persons named in the Declarations and if a resident of the same household:
>    A. the spouse of such person or persons;
>    B. the relatives of either; or
>    C. any other person under the age of twenty-one in the care of any of the above. (Dkt. 8, Pl. L.R. 56.1(a) Statements of Fact at ¶12).

Metropolitan denied the claim on January 14, 2015, by letter stating that the fire was set by Wesley Jr., a resident relative of the household, and thus purportedly excluded by the insurance policy's "Intentional Loss" provision. (*Id.* at ¶ 13.) The Streits provide affidavits in support of their motion stating that they did not direct, instruct, authorize, ratify or consent to their son setting the

house on fire. (*Id.* at ¶¶ 14-18.) Metropolitan responds that it is without sufficient information or knowledge to agree or disagree with the Streits' affidavits and demands strict proof. (Dkt. 11 at ¶¶ 14-18.)

**Legal Standard**

A party is entitled to summary judgment if all of the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). When considering a summary judgment motion, the Court construes the facts and all reasonable inferences in the light most favorable to the non-moving party. *Abdullahi v. City of Madison*, 423 F. 3d 763, 773 (7th Cir. 2005). The party who bears the burden of proof on an issue may not rest on the pleadings or mere speculation, but must affirmatively demonstrate that there is a genuine issue of material fact that requires a trial to resolve. *Celotex v. Catrett*, 477 U.S. 317, 324, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). On cross-motions, summary judgment is appropriate only when evidence as a whole shows there is no genuine dispute as to any material fact, *Davis v. Time Warner Cable of Southeastern Wis., L.P.*, 651 F.3d 664, 671 (7th Cir. 2011), regardless to which motion the evidence is attached. *Las Vegas Sands, LLC v. Nehme*, 632 F.3d 526, 532 (9th Cir. 2011).

**Discussion**

The precise issue before the Court has not yet been considered by any Illinois court. The Streits acknowledge that absent the Illinois Standard Fire Policy, the intentional acts exclusion of the contract would apply to deny them coverage for the fire loss intentionally caused by their son. The Streits contend that this Court should find the intentional loss exclusion in the contract conflicts with the Standard Fire Policy and that they are innocent co-insureds able to recover for the loss. Metropolitan argues that the contract unambiguously excludes coverage for the loss caused by

3

Wesley Streit, Jr.'s intentional arson, and that the intentional acts exclusion in the contract does not conflict with the Standard Fire Policy.

The Standard Policy states in relevant part:

> This Company shall not be liable for loss by fire or other perils insured against in this policy caused, directly or indirectly by: (a) enemy attack by armed forces, including action taken by military, naval or air forces in resisting an actual or an immediately impending enemy attack; (b) invasion; (c) insurrection; (d) rebellion; (e) revolution; (f) civil war; (g) usurped power; (h) order of any civil authority except acts of destruction at the time of and for the purpose of preventing the spread of fire, provided that such fire did not originate from any of the perils excluded by this policy; (i) neglect of the insured to use all reasonable means to save and preserve the property at and after a loss, or when the property is endangered by fire in neighboring premises; (j) nor shall this Company be liable for loss by theft. Illinois Standard Fire Policy, ln 11-24, (last visited Nov. 2, 2015, 10:27 AM) http://insurance2.illinois.gov/Prop_Cas_IS3_Checklists/statutes/StandardFirePolicy.pdf.

The Streits assert that this Court should apply a two-step process of analysis: first considering whether the language of the policy unambiguously excludes coverage for an innocent co-insured, and second, whether policy exclusion is in conflict with the Standard Fire Policy. *See Icenhour v. Cont'l Ins. Co.*, 365 F. Supp. 2d 743, 749 (S.D. W. Va. 2004). "Insurance policies are subject to the same rules of construction applicable to other types of contracts. A court's primary objective is to ascertain and give effect to the intention of the parties as expressed in the agreement." *Nicor, Inc. v. Associated Elec. & Gas Ins. Servs.*, 223 Ill. 2d 407, 416 (2006) (internal citations omitted).

Illinois courts have held that "the Insurance Code encompasses rules and regulations promulgated pursuant to authority delegated by specific provisions of the Insurance Code and these regulations have the force of statute." *FBS Mortgage Corp. v. State Farm Fire and Cas. Co. of Bloomington, Illinois,* 833 F.Supp. 688, 696 (N.D. Ill. 1993) (citing *Margolin v. Public Mutual Fire Ins. Co.,* 4 Ill. App. 3d 661, 281 N.E.2d 728 (1st Dist. 1972)); *see also* 50 Ill. Admin. Code § 2301.30. Pursuant to these regulations, all Illinois fire insurance policies must be consistent with the Standard Policy. *Id.* Metropolitan therefore may not provide less coverage than the Standard Policy.

Illinois courts that have considered the operation of the Standard Fire Policy in relation to a fire insurance policy have found that, if the insurance policy conflicts with the Standard Fire Policy, the Standard Fire Policy controls. *See Lundquist v. Allstate Ins. Co.*, 314 Ill. App. 3d 240, 245, 732 N.E.2d 627, 247 Ill. Dec. 572 (2d Dist. 2000) (finding the vandalism exclusion in the homeowner's fire insurance policy was void where it did not comply with statutorily-mandated coverage of the Standard Fire Policy); *FBS Mortgage Corp. v. State Farm Fire and Casualty Co. of Bloomington, Illinois,* 833 F. Supp. 688 (N.D. Ill. 1993) (finding that State Farm's Homeowner's Policy impermissibly broadened the exclusions of the Standard Fire Policy by requiring physical occupation of the Insured Premises for a period of less than 60 days before the loss); *Margolin v. Public Mutual Fire Insurance Co.,* 4 Ill. App. 3d 661, 281 N.E. 2d 728 (2d Dist. 1972) (holding that the insurer was required to give notice to the insured of any cancellation according to the Standard Fire Policy provision on cancellation that was implied in the fire insurance policy). Metropolitan urges this Court to distinguish those cases because they do not consider the intentional acts provision at issue here. Metropolitan points this Court should to *Aurelius v. State Farm Fire and Casualty Co.,* 384 Ill. App. 3d 969, 894 N.E.2d 765, 323 Ill. Dec. 739 (2d Dist. 2008), and *Remy v. The Travelers Home and Marine Ins. Co.*, No. 11 C 3564, 2013 WL 2573952 (N.D. Ill. June 11, 2013) (Gottschall, J.), which each considered intentional conduct exclusions and claims by innocent co-insureds. However, neither *Aurelius* nor *Remy* considered the application of the Standard Fire Policy to the intentional conduct exclusions in the insurance policies.

In *Aurelius*, the plaintiff made a claim on her homeowners' insurance policy, which the defendant State Farm denied after finding that the fire, which destroyed the home, was intentionally caused by the plaintiff's husband for the purpose of obtaining insurance benefits. *Aurelius,* 384 Ill. App. 3d at 970. The plaintiff appealed from the dismissal of her declaratory judgment for coverage, arguing that the language of the insurance policy was sufficiently ambiguous that the innocent

5

insured rule should have provided her coverage. *Id.* at 972. The court in *Aurelius* held that, despite the plaintiff's argument, the policy provision clearly excluded coverage to innocent co-insureds in the event of intentional conduct by any insured. *Id.* at 977. Therefore, the court held that the plaintiff was properly denied coverage. *Id.* Applying the same theory to different facts, the U.S. District Court in *Remy,* denied a motion for judgment on the pleadings finding that the intentional loss exclusion was potentially applicable to the fire because the plaintiff's daughter was an insured person under the policy, but there was a question of fact as to whether the daughter intended to cause the fire. *Remy*, 2013 WL 2573952, at *8.

The intentional conduct exclusion at issue here is very similar to the policy provision in *Remy*, and absent the argument that the exclusion conflicts with the Standard Fire Policy this Court would make a similar finding. Yet, here the Streits argue that the Standard Fire Policy applies to void the exclusion. Considering the application of the Standard Fire Policy, this Court finds the analysis of the Illinois Appellate Court in *Lundquist* persuasive. There, the court held that fire caused by vandalism is not an "other peril" for which the defendant Allstate could create an exclusion consistent with the Standard Policy. *Lundquist*, 314 Ill.App.3d at 244. The court then enumerated the perils not covered and found that the Standard Policy did not exclude coverage for fires caused by vandalism and thus losses from such fires are covered. *Id.* at 245.

Applying the same reasoning here as in *Lundquist,* this Court finds that the policy at issue must conform to the Standard Fire Policy. The Standard Policy sets forth a limited number of exclusions restricting coverage. Illinois Standard Fire Policy at ln 11-24. Nowhere does the Standard Policy exclude coverage for intentional conduct, including arson, and therefore fires caused by intentional conduct must be covered if all other conditions are met. Accordingly, this Court finds that the intentional conduct provision is void and may not be used to deny the Streits' their proportional interest in the property, if they are in fact innocent co-insureds. This Court further

6

finds that there is an issue of material fact as to what role, if any, the Streits had in directing, instructing, authorizing, ratifying, or consenting to their son setting the house on fire. The record only contains the affidavits from the plaintiffs to support their denial of involvement and this Court may not find summary judgment in favor of the Streits based on the uncorroborated self-serving affidavits alone because to do so the Court would have to find them credible.

**Conclusion**

Based on the foregoing, this Court grants in part and denies in part the Streits' motion for partial summary judgment [7] and denies Metropolitan's cross-motion for partial summary judgment [13].

IT IS SO ORDERED.

Date: November 4, 2015

Entered: _____
SHARON JOHNSON COLEMAN
United States District Judge