UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WESLEY and BARBARA STREIT, | ) |
| Plaintiffs, | ) |
| | ) Case No. 15 cv 2461 |
| v. | ) |
| | ) Judge Sharon Johnson Coleman |
| METROPOLITAN CASUALTY INSURANCE COMPANY, | ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

Before the Court is defendant Metropolitan Casualty Insurance Company's ("Metropolitan") motion for reconsideration [25]of the Court's November 4, 2015, Order granting partial summary judgment in favor of plaintiffs, Wesley and Barbara Streit ("the Streits"). Also before the Court is the Streits' motion for judgment on the pleadings [29] for Count I of the Complaint pursuant to Federal Rule of Civil Procedure 12(c). This Court heard oral arguments on the motion on May 25, 2016. For the reasons that follow, this Court denies both motions.

**Background**

The Streits filed a three-Count Complaint against Metropolitan, following denial of fire insurance coverage after their son set fire to their home. The Streits moved for partial summary judgment, and Metropolitan filed a cross-motion for judgment in its favor. On November 4, 2015, this Court granted in part and denied in part the motion in favor of the Streits, and denied Metropolitan's motion. In so doing, this Court found that "the intentional conduct provision [could] not be used to deny the Streit's proportional interest in the property, *if they are in fact innocent co-insureds.*" (emphasis added) (Dkt. 19, at 6). This Court further found that there was a genuine issue of material fact as to the Streit's role in the fire since the evidentiary record was undeveloped.

1

Metropolitan now moves for reconsideration of that Order, and the Streits move for judgment on the pleadings. This Court will address each motion in turn.

**Discussion**

*1. Motion to Reconsider*

Federal Rule of Civil Procedure 54(b) permits a court to revise a decision or judgment resolving fewer than all claims any time before final judgment is entered as to all claims. Fed. R. Civ. P. 54(b). A motion to reconsider serves the limited function to correct manifest errors of law or fact, to present newly discovered evidence, or where there has been an intervening and substantial change in the controlling law since the submission of the issues to the court. *Sperling & Slater, P.C. v. Hartford Cas. Ins. Co.*, No. 12 C 761, 2012 WL 6720611, at *2 (N.D. Ill. Dec. 27, 2012). The party seeking reconsideration bears a heavy burden and reconsideration is rarely granted. *Id.* (citing *Caisse Nationale de Credit Agricole v. CBI Industries, Inc.*, 90 F.3d 1264, 1270 (7th Cir.1996)).

Metropolitan argues that this Court made a manifest error of law in its finding that the intentional act exclusion in the policy was inconsistent with the Standard Fire Policy. Much of Metropolitan's argument is a rehashing of its previously rejected arguments, which is an inappropriate basis for reconsideration. *Caisse Nationale de Credit Agricole,* 90 F.3d at 1270. Metropolitan also presents new arguments, not previously raised, for asserting that this Court should enter judgment in favor of Metropolitan. A motion for reconsideration is also not an appropriate vehicle for advancing new arguments that could have been raised before. *Sigsworth v. City of Aurora,* 487 F.3d 506, 512 (7th Cir. 2007).

As this Court noted in the November 4, 2016, Order, the issue before the Court is one of first impression, meaning no Illinois court has ruled on the precise issue before the Court. Further, it is evident from Metropolitan's admission at oral argument, the Illinois legislature has not addressed the precise issue before the Court and, contrary to Metropolitan's claim at oral argument, there is no

2

legislative history from which this Court may derive the legislature's intent in drafting the applicable provisions of the Insurance Code. Accordingly, Metropolitan has not provided sufficient basis for this Court to reconsider its Order.

*2. Motion for Judgment on the Pleadings*

A Rule 12(c) motion for judgment on the pleadings is governed by the same standards as a motion to dismiss for failure to state a claim under Rule 12(b)(6). *Adams v. City of Indianapolis*, 742 F.3d 720, 727-728 (7th Cir. 2014). Thus, the Court considers whether the pleadings contain facts that allow the reasonable inference that the non-moving party could prevail in the action. *Id*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). In ruling on a 12(c) motion, the Court considers the pleadings and any written instruments attached to those pleadings, while accepting as true all well-pleaded allegations in the non-moving party's pleading and drawing all inferences in favor of the non-movant. *See Pisciotta v. Old Nat'l Bancorp*, 499 F.3d 629, 633 (7th Cir. 2007); *Forseth v. Village of Sussex*, 199 F.3d 363, 368 (7th Cir. 2000).

The Streits move for judgment on the pleadings arguing that, despite the Court's finding of a material issue of fact as to the Streits' role, if any, in the fire, the pleadings affirmatively demonstrate that the Streits are entitled to judgment in their favor. Although it is true that Metropolitan did not specifically raise an affirmative defense based on the Streits' conduct in causing the fire that destroyed their home, Metropolitan's answer demanded strict proof of the Streits alleged lack of involvement in the arson. (Dkt. 6 at ¶¶ 14-18). Since the plaintiff moved for partial summary judgment prior to any discovery taking place, the only evidentiary record before the Court are affidavits from each of the plaintiffs. This Court found on summary judgment that an issue of fact remains as to the Streits' role in the fire. The Court will therefore deny the motion for judgment on the pleadings and allow discovery to proceed.

**Conclusion**

This Court denies Metropolitan's Motion to Reconsider [25] and denies the Streits' Motion for Judgment on the Pleadings [29]. The parties should be prepared to propose a discovery schedule at the next status hearing. Status hearing set for June 17, 2016, at 9:00 a.m.

IT IS SO ORDERED.

Date: May 27, 2016

Entered: _____
SHARON JOHNSON COLEMAN
United States District Judge